[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12692
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-02978-CAP


CAROL BAKER PUCKETT,
As Executor of the Will and Estate of Mark T. Puckett,

                                                              Plaintiff-Appellee,

versus

MELIDA RAMIREZ,

                                                              Defendant,

NATIONWIDE COIN & BULLION RESERVE, INC.,

                                                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 14, 2020)

Before BRANCH, GRANT and BLACK, Circuit Judges.

PER CURIAM:

Defendant–Appellant Nationwide Coin & Bullion Reserve, Inc. (Nationwide) appeals the district court's order denying Nationwide's motion to vacate the default judgment against it, obtained by Tommie Puckett, the original Plaintiff in this case.[1] On appeal, Nationwide challenges the district court's conclusion that Puckett exercised reasonable diligence in attempting to serve Nationwide's registered agent, such that she was permitted to perfect service through the Texas Secretary of State. After review, we agree and reverse the district court's order denying Nationwide's motion to vacate.

## I.  BACKGROUND

*A. Plaintiff Puckett's Efforts to Serve Nationwide*

In August 2017, Plaintiff Tommie Puckett initiated the underlying action against Nationwide. Puckett's amended complaint generally alleged Nationwide, along with its sole director, Melida Ramirez, fraudulently induced Puckett to purchase various coins at inflated prices. Puckett asserted various claims arising under Georgia law, and sought compensatory and punitive damages.

---

[1] After the entry of default but before Nationwide moved to vacate that default, the original Plaintiff, Tommie Puckett, passed away. The district court allowed Mark T. Puckett—Tommie Puckett's sole heir and the executor of her estate—to be substituted as the party plaintiff. After the briefing was completed on appeal, Mark T. Puckett also passed away, and this Court substituted Carol Baker Puckett—the executor of Mark T. Puckett's estate—as Appellee.

2

In November 2017, Puckett sought and was granted an extension of time in which to perfect service of process on Nationwide.[2] Puckett attached to her motion a series of email communications between her legal counsel and a process serving company. The correspondence occurred between August 10, 2017, and September 26, 2017, and purports to document the process server's efforts to serve Nationwide's registered agent.

On August 10, Puckett's counsel provided the process server with the name of Nationwide's registered agent, Mark Dykes, and the Texas address of the registered office at which he could be served. On August 16, in response to counsel's request for an update, a representative of the process serving company informed counsel the address provided was a "home address," and the server had "not found anyone at home." The representative assured Puckett's counsel that "[w]e are still attempting." On August 19, counsel informed the process server she had "located another address for Mark E. Dykes, Registered [A]gent." The address was that of a law firm where Dykes apparently worked, and counsel suggested "we try to get him served" at the firm, which was in an office suite.

---

[2] Puckett also sought additional time to perfect service on Defendant Ramirez. However, following the entry of default, only Nationwide moved to vacate the judgment against it. As a result, this appeal concerns only the efforts Puckett made to serve Nationwide, and we limit our recitation of the facts to those efforts.

3

On September 20, the representative from the process serving company informed Puckett's counsel that the "process server has come to a dead end." As to the address for the law firm, the representative stated the suite number provided in the address did not exist in the building, and there was "not a Nationwide Coin in the building." Six days later, on September 26, counsel asked for another update on any attempt to serve Dykes at his office and was told the process server had "been told no one is in the office," though he was "still attempting."

That same day, counsel located Dykes's home address and suggested "we try to get him served there." The representative responded that the server would "work on this next." The email correspondence does not indicate any attempts were made to serve Dykes at his home address, nor does it document any follow-up after counsel requested the server attempt to serve Dykes at that address.[3]

*B. Service Through the Texas Secretary of State*

In April 2018, Puckett filed a certificate of service showing that, on January 8, 2018, the Texas Secretary of State received the summons and complaint directed to Nationwide.[4] To demonstrate it was proper under Texas law to perfect service

---

[3] This email correspondence is the only evidence in the record documenting Puckett's efforts to perfect service on Nationwide via its registered agent.

[4] The Certificate of Service provided by the Texas Secretary of State notes that a copy of the summons and complaint was forward by certified mail to the address associated with Nationwide's registered office c/o Mark Dykes. According to the Certificate, the process was returned to the Secretary of State "Bearing the Notation, Return to Sender, Vacant, Unable To Forward."

on Nationwide via the Texas Secretary of State, Puckett relied on the facts set forth in her motion to extend time and the documents attached thereto, which she incorporated by reference. According to Puckett, "[t]he facts set out in those documents show duly diligent effort to serve Mark Dykes, the registered agent for [Nationwide], both at his registered office and elsewhere."

## C.  Default Judgment

In April 2018, Puckett filed a Motion to Enter Default, in which she argued Nationwide was lawfully served through the Texas Secretary of State, and Nationwide's time to answer the complaint had expired. As a result, Puckett requested default be entered under Federal Rule of Civil Procedure 55(b). The district court granted the motion and directed Puckett to "move for default judgment against [Nationwide] within forty-five (45) days." Puckett subsequently filed a Motion for Entry of Judgment by Default, and, following a hearing on damages, the district court issued an order awarding Puckett $39,010.00 in actual damages, $117,030.00 in treble damages, and $390,100.00 in punitive damages, along with costs and attorney's fees.

## D.  Motion to Vacate

In May 2019, Nationwide moved, pursuant to Federal Rule of Civil Procedure 60(b)(4), to vacate the default judgment against it as void. Nationwide argued it was improper for Puckett to serve it through the Texas Secretary of State

5

because the email correspondence attached to Puckett's motion to extend time failed to show Puckett exercised reasonable diligence in her efforts to serve Nationwide's registered agent at the registered office. Nationwide argued the email correspondence—the only record evidence showing Puckett's efforts to serve Dykes as Nationwide's registered agent—showed only a single unsworn statement stating the process server had "not found anyone at home." Nationwide insisted this one, nonspecific statement could not show diligence, as it did not describe the date or time of the service attempt, nor did it describe how service was attempted.

The district court denied Nationwide's motion, finding the record evidence showed Puckett exercised reasonable diligence in her attempts to serve Nationwide's registered agent. The district court noted the process server made "multiple attempts to serve the registered agent, including at the address registered with the Secretary of State and an alternative address for the registered agent." This appeal followed.

## II.  DISCUSSION

We review *de novo* the denial of a Rule 60(b)(4) motion to vacate a default judgment as void for lack of service of process. *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 748 (11th Cir. 2016) (noting that, while we generally review the denial of a Rule 60(b) motion for an abuse of discretion, "the

district court's failure to vacate a void judgment is *per se* an abuse of discretion"). The party attacking the judgment on insufficiency of process grounds bears the burden of demonstrating the judgment is void. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1298–99 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h) provides that a domestic corporation, like Nationwide, may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn, provides that an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Here, Puckett filed her complaint in the District Court for the Northern District of Georgia, and Nationwide was to be served in Texas. Georgia's longarm statute, like the federal rules, provides for service according to the law of the state where service is made. O.C.G.A. § 9-10-94. Accordingly, all parties agree service on Nationwide was to be made in compliance with Texas law.

Under Texas law, a corporation is required to continuously maintain a registered agent for service of process and a registered office. Tex. Bus. Orgs. Code Ann. § 5.201(a). If, however, a Texas entity's registered agent "cannot with reasonable diligence be found at the registered office of the entity," the Texas

7

Secretary of State becomes "an agent of an entity for purposes of service of process." Tex. Bus. Orgs. Code Ann. § 5.251(1)(B). "The statute does not require that an attempt be made to find the registered agent at any other place than at the entity's registered office." *BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 827 (Tex. App. 2012). As a result, any attempts to find the registered agent at any other address "are irrelevant to our determination of reasonable diligence."[5] *Id.* In determining "whether the reasonable-diligence requirement is satisfied," courts may consider "the record as a whole." *Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31, 34 (Tex. App. 2003).

Here, even considering "the record as a whole," Puckett did not exercise the requisite reasonable diligence in attempting to serve Nationwide's registered agent. We note, as an initial matter, that the record in this case includes neither a return of service from the process server nor an affidavit of due diligence specifying Puckett's attempts to serve Nationwide.[6] Instead, the only record evidence regarding the process server's attempts to serve Nationwide at its registered office were a series of email communications between Puckett's counsel and a representative of the process serving company. Those email communications

---

[5] As such, we do not consider Puckett's efforts to locate Dykes at any address other than the one associated with Nationwide's registered office.

[6] While the documents attached to Puckett's Proof of Service included an affidavit of due diligence, that affidavit described only efforts to serve Defendant Ramirez.

8

reveal only a single reference to any effort to serve Nationwide's registered agent, Mark Dykes, at Nationwide's registered office. In an August 16, 2017, email, a representative of the process serving company stated the address provided for Nationwide's registered office was a "home address" and the server had "not found anyone at home." This single, secondhand communication regarding the process server's efforts is insufficient under Texas law to demonstrate reasonable diligence.

The Court of Appeals of Texas has stated that "default judgment obtained after service on the Secretary of State cannot stand, even if a corporation has failed to designate and maintain a registered agent and registered office," where it is not apparent "from the face of the record upon whom the attempted service of process was made, where, when, how, and in what capacity." *Paramount Credit v. Montgomery*, 420 S.W.3d 226, 231 (Tex. App. 2013). All the email correspondence shows is the process server went to the address on at least one occasion, and no one was "at home." This conclusory and nonspecific statement is insufficient under Texas law to demonstrate reasonable diligence. *See id.*; *see also Maddison Dual Fuels, Inc. v. S. Union Co.*, 944 S.W.2d 735, 738 (Tex. App. 1997) (finding no reasonable diligence where "the only indication of an attempted service" was a "'Diligence of Service' form" on which the process server listed "Bad Address" as "the cause of failure to execute").

9

We acknowledge, as Appellee notes, that Texas Courts have found reasonable diligence after a single attempt where it was clear from the record further attempts would be futile. *See, e.g.*, *Ingram*, 121 S.W.3d at 34 (concluding one attempt at service constituted reasonable diligence where the registered agent no longer occupied the address and the location had been occupied by another person or entity for years); *BLS Dev.*, 359 S.W.3d at 827 ("Because the property was vacant, any other attempts at the registered address would have been futile.") But in those cases, it was clear from the return of service or some other contemporaneous documentation that the listed address was vacant. *See Ingram*, 121 S.W.3d at 34 (noting that the process sever stated in his affidavit that "he did not find [the registered agent] at the registered address" and that "the people occupying the address had been there for 10 years"); *BLS Dev.*, 359 S.W.3d at 827 ("[T]he process server stated in his affidavit that he attempted service at . . . the registered agent's address, but that the property was vacant.").

Here, in contrast, the record is devoid of any such contemporaneous evidence. Rather, Appellee points to information obtained *after* Puckett made the decision to perfect service via the Secretary of State that would supposedly show Nationwide does not maintain a registered office at the address it provided. Specifically, Appellee points to: (1) the certificate of service provided by the Secretary of State, which stated the summons and complaint were returned to the

Secretary of State "Bearing the Notation, Return to Sender, Vacant, Unable To Forward"; and (2) extrinsic evidence showing the listed address for Nationwide's registered office is a vacant lot in a residential neighborhood.

Appellee essentially asks us to conduct an independent inquiry to determine whether Nationwide properly maintained its registered office and whether service at the registered address was practicable. But the relevant inquiry here is not whether it would, in fact, have been futile to attempt to serve Nationwide at its registered office, or, indeed, whether Nationwide properly maintained such an office. *See Paramount Credit*, 420 S.W.3d at 231 (stating service through the Texas Secretary of State is inappropriate where reasonable diligence is not evident from the record "even if a corporation has failed to designate and maintain a registered agent and registered office"). It is whether Puckett exercised due diligence in her efforts to serve Nationwide's registered agent at the registered office—and specifically whether Puckett had put forth evidence of that diligence at the time she purported to perfect service via the Secretary of State and moved for default judgment. The record before us simply does not support a finding of reasonable diligence.

Accordingly, we conclude Nationwide carried its burden of demonstrating the default judgment entered against it was void under Rule 60(b)(4).

## III. CONCLUSION

For the reasons set out above, we reverse the district court's order denying Nationwide's motion to vacate the default judgment against it, and remand for further proceedings.

**REVERSED AND REMANDED.**

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 14, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-12692-GG
Case Style: Mark Puckett v. Nationwide Coin & Bullion
District Court Docket No: 1:17-cv-02978-CAP

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellee.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joseph Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs